United States District Court
Southern District of Texas
**ENTERED**
December 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RIGOBERTO BARRIENTOS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil No. 5:23-cv-00068 |
| | § | |
| ZAPATA COUNTY, | § | |
| RAYMUNDO DEL BOSQUE, JR., | § | |
| JOSE "JOEY" MARTINEZ, | § | |
| HECTOR SOLIS, | § | |
| JOSE RAMIREZ, | § | |
| and ARIEL GONZALEZ, | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint, Dkt.
No. 62, and Defendant's Response, Dkt. No. 67.  These motions were referred to the undersigned
to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).  Dkt. No. 68.  Plaintiff
seeks to amend his complaint to add a "supplemental state-law tort claim" for false arrest and
imprisonment under Texas common law.  Dkt. No. 62 at 1.  For the following reasons, the
undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to File Third Amended
Complaint, Dkt. No. 62, be **DENIED**.

### Background

Plaintiff has foregone five distinct opportunities to bring his state law claims in this suit.

First, Plaintiff filed his original complaint on July 10, 2023, bringing claims under 42 U.S.C.
§ 1983 for wrongful arrest and excessive force in violation of the Fourth and Fourteenth

Amendments, retaliation for exercising his First Amendment rights, civil conspiracy, failure to train and supervise, and a *Monell* claim against Zapata County for tolerating customary excessive force. Dkt. No. 1. Second, Plaintiff filed his First Amended Complaint shortly thereafter on August 29, 2023. Dkt. No. 11. Third, on November 9, 2023, Plaintiff was granted leave and filed his Second Amended Complaint. Dkt. No. 21. Fourth, The District Court dismissed without prejudice Plaintiff's *Monell* claims against Defendant Del Bosque and Defendant Zapata County, Plaintiff's failure-to-train claim against Defendant Del Bosque and Defendant Zapata County, Plaintiff's claim that Defendant Del Bosque ratified the Defendant Deputies' use of excessive force, and Plaintiff's failure-to-train claim against Defendant Del Bosque in his individual capacity. Dkt. No. 34 at 2–3. Plaintiff did not amend his complaint following this development.

After the Initial Pretrial and Scheduling Conference on April 22, 2024, the Court adopted the parties' proposed scheduling order, including a deadline of September 1, 2024, for Plaintiff to ask for the Court's leave to amend his pleadings. Dkt. No. 40. This deadline was subsequently extended to December 1, 2024. Dkt. No. 43. At this point, for a fifth time, Plaintiff did not avail himself of the opportunity to amend his complaint. While the Court agreed to amend the scheduling order two additional times upon the parties' joint motions, Dkt. Nos. 51–54, the deadline to amend pleadings by December 1, 2024, had already passed and was not extended.

Yet, on October 14, 2025, more than ten months after the deadline had past, Plaintiff filed his Motion for Leave to File Plaintiff's Third Amended Complaint. Dkt. No. 62. Plaintiff seeks to amend his complaint to add a state law false arrest claim, which Plaintiff attests "ensures that all claims arising from the same conduct can be resolved in a single action, promoting judicial efficiency and consistency of outcome." *Id.* at 2.

Defendants filed a response in opposition to Plaintiff's motion, alleging that the proposed amendment would result in undue delay, that the proposed amendment is futile, that it would cause undue prejudice to Defendants, and that it was made in bad faith. Dkt. No. 67. Namely, Defendants protest that Plaintiff waited years after filing the original complaint to add a state law claim that arose from the same operative facts. *Id.* at 2–3. They further argue that the proposed amendment would be futile because it violates the statute of limitations and does not fall under the waiver of immunity provided for in the Texas Tort Claims Act. *Id.* at 3–4. For these reasons, Defendants argue that the proposed amendment would unduly prejudice their case and demonstrates bad faith on Plaintiff's part. *Id.* at 4–5.

### *Legal Standards*

Parties may amend their pleading only with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A pretrial scheduling order, however, may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party seeks to amend their pleading after the deadline in the Court's scheduling order to do so has expired, Rule 16(b) governs. *S&W Enters., L.L.C v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's discretion to grant or deny leave." *Id.* Courts apply a four-part test to determine whether there is good cause to modify the scheduling order: (1) the reason for the failure to meet the deadline, (2) the importance of the amendment, (3) any potential prejudice that would result from allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Id.*; *Butowsky v. Folkenflik*, No. 4:18-CV-442, 2020 WL

9936143 at 25 (E.D. Tex. Sept. 1, 2020) (citing *Reliance Ins. Co. v. The La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

### *Discussion*

Because the deadline for Plaintiff to amend his pleading under the operative scheduling order was December 1, 2024, the Court must first determine whether there is good cause to amend the scheduling order. *S&W Enters.*, 315 F.3d at 536. To do so, the Court applies the Fifth Circuit's four-factor test: (1) Plaintiff offers no reason for failure to meet the deadline to amend his complaint. In fact, Plaintiff himself states that the proposed amendment "simply asserts the corresponding state-law claim for false arrest/false imprisonment arising from the same facts long before the Court." Dkt. No. 62 at 3. While Plaintiff argues that its basis in the same operative facts renders the proposed amendment less prejudicial and that it would not prolong discovery, he also offers no explanation for the two-year delay in bringing a claim based on facts that have been pled in the suit since its inception. Nor did he take advantage of the five previous junctures in the case where amending his complaint would have been reasonable. When determining whether there is reason to grant leave to amend a pleading, Court may consider an unexplained delay, especially when the underlying facts to the proposed amendment were known to the plaintiff at the time the complaint was filed. *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). Here, these considerations cut against allowing Plaintiff to amend his complaint at this late hour in the pendency of the case.

(2) At face value, the amendment is important in that it adds a new claim under Texas law. Namely, Plaintiff seeks to add a false arrest claim under state law based on Plaintiff's detention by Defendants on April 26, 2022. Dkt. No. 62-1 at 3. However, because Plaintiff's operative

complaint already includes a federal claim for false arrest, the importance of the proposed amendment is diminished.

(3) The parties dispute whether the proposed amendment would prejudice Defendants. While Plaintiff contends that the proposed amendment is not prejudicial because it arises from the same set of facts already developed in discovery, Dkt. No. 62 at 2, Defendant argues that the amendment would be prejudicial in requiring additional legal briefing to defend against a claim that Defendants argue is futile.  Dkt. No. 67 at 5.  Given that the case is in its later stages, and Plaintiff himself has already filed his motion for summary judgment, Dkt. No. 58, the Court finds that requiring additional briefing on new legal issues at this point would be prejudicial and cause undue delay.  (4) Likewise, a continuance of the dispositive motions deadlines to cure the potential prejudice, at this late juncture in the case, would constitute undue delay.  Accordingly, the Court finds that Plaintiff has failed to show good cause to amend the scheduling order under Rule 16(b)(4).

Absent such good cause to modify the scheduling order, the more liberal standard of Rule 15(a) does not apply.  *See S&W Enters.*, 315 F.3d at 536.  Therefore, the Court does not reach the issues of whether justice requires leave to amend under Rule 15(a).

### *Conclusion*

For the foregoing reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Leave to File Third Amended Complaint, Dkt. No. 62, be **DENIED**.

### *Warnings*

The parties may file objections to this Report and Recommendation, unless they waive the right to do so.  A party filing objections must specifically identify those findings or

recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report— or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IT IS SO RECOMMENDED

Signed this December 4, 2025, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge